UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.23-352 (PJS/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **PLEA AGREEMENT AND SENTENCING STIPULATIONS** |
| v. | |
| CORD CAMERON SCHIPMAN, | |
| Defendant. | |

The United States of America and the defendant, Cord Cameron Schipman, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.  **Charges**. The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and 2251(e). The defendant fully understands the nature and elements of the crime with which he has been charged.

Upon imposition of sentence, the government agrees to move to dismiss the remaining charge against the defendant contained in the Indictment.



SCANNED
JUN -7 2024
U.S. DISTRICT COURT MPLS

2. **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Count 1 of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

On or around September 26, 2023 in the State and District of Minnesota, Mr. Schipman used his iphone to take a sexually explicit picture of Minor A, a real child who was 9 years old and under his custody, care, or supervisory control, which picture is described in Count 1 of the Indictment. Mr. Schipman admits and agrees that the picture, which centers focus on Minor A's exposed genitals, constitutes child pornography.

Prior to September 26, 2023, Mr. Schipman knowingly and voluntarily joined a private group specifically tailored to individuals seeking to engage in trading or providing images related to child sexual abuse material, which private group was hosted on an online messaging platform called Kik. Within that private group, Mr. Schipman had previously shared non-CSAM images of Minor A.

On or around September 26, 2023, a covert employee of the FBI based in Alabama also joined that private group, and initiated a direct, private conversation with Mr. Schipman. Mr. Schipman claimed within that private conversation to have engaged in hands-on sexual contact with Minor A, and

2

the covert employee asked Mr. Schipman to send a "live pic" of Minor A. When Mr. Schipman did not immediately respond, the covert employee added: "Please" and "If you're cool with it." Mr. Schipman sent the covert employee the picture described in Count 1 of the Indictment. In addition to sending the picture described in Count 1 of the Indictment to the covert employee, Mr. Schipman also distributed the picture of Minor A to two other users he was connected with on KiK.

Mr. Schipman admits that in addition to the conduct described above, he used his iphone and the Internet to view other images of child pornography. When Mr. Schipman's iphone was analyzed forensically and its contents submitted for analysis to the National Center for Missing and Exploited Children (NCMEC), NCMEC identified three known series images and one known series video included in the data from his phone.

Mr. Schipman admits that the iphone he used to create the image of Minor A was manufactured from parts originating outside the State of Minnesota and therefore affected interstate and foreign commerce, and further admits the Internet-based messaging platform he used to distribute the image is a means of interstate and foreign commerce, and admits the image was distributed to at least one person outside the State and District of Minnesota. He further admits he acted knowingly and voluntarily.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file any pre-trial motions in this case.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences**. The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with his attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6. **Statutory Penalties**. The defendant understands that Count 1 of the Indictment, charging Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e) is a felony offense that carries the following statutory penalties:

   a. a mandatory minimum of 15 years in prison;

   b. a maximum of 30 years in prison;

   c. a supervised release term of at least 5 up to a maximum supervised release term of life;

   d. a maximum fine of $250,000;

   e. restitution to victims as agreed to by the parties in this agreement;

   f. a mandatory special assessment of $100 under 18 U.S.C.

§ 3013(a)(2)(A);

g. a mandatory payment of $5,000 to the Domestic Trafficking Victims' Fund if the defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014; and

h. an assessment, pursuant to 18 U.S.C. § 2259A(a)(3) of not more than $50,000, depending on the defendant's ability to pay.

7. **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guidelines calculations:

a. Base Offense Level. The parties agree that the base offense level is 32. U.S.S.G. § 2G2.1(a).

b. Specific Offense Characteristics. The parties agree that the offense level should be increased by **4 levels** because the offense involved a minor who had not attained the age of twelve years. U.S.S.G. § 2G2.1(b)(1). The parties further agree that the offense level should be increased by **2 levels** because the defendant knowingly engaged in distribution. U.S.S.G. § 2G2.1(b)(3). The parties further agree that the offense level should be increased by **2 levels** because the offense involved a child who was under the custody, care, or supervisory control of the defendant. U.S.S.G. § 2G2.1(b)(5). The parties agree that no other specific offense characteristics apply.

6

c. Chapter 3 Adjustments. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

d. Acceptance of Responsibility. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of the defendant's intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

e. Chapter 4 Adjustments. The parties agree that no Chapter 4 adjustments apply.

f. Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation

7

reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

    g.    Guidelines Range. If the adjusted offense level is 37, and the criminal history category is 1, the Sentencing Guidelines range is **210-262 months of imprisonment**.

The defendant understands that, regardless of the Guidelines range, the statutory mandatory minimum sentence in this matter is 15 years (180 months) of imprisonment.

    h.    Fine Range. If the adjusted offense level is 37, the Sentencing Guidelines fine range is $50,000 to $250,000. U.S.S.G. § 5E1.2(c).

    i.    Supervised Release. The Sentencing Guidelines' term of supervised release is 5 years to life. U.S.S.G. § 5D1.2.

8. **Revocation of Supervised Release.** The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

8

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea, and neither party can withdraw from the plea agreement.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to

pay the special assessment. The defendant agrees that the $100 special assessment under 18 U.S.C. § 3013 is due and payable at the time of sentencing. The defendant also understands that the Court may impose special assessments of $5,000 payable to the Domestic Trafficking Victims' Fund, 18 U.S.C. § 3014, and up to $50,000 pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259A(a)(3). Imposition of these special assessments is guided by the factors set forth in 18 U.S.C. §§ 3553(a) and 3572, including the defendant's ability to pay.

12.  **Restitution Agreement**.

(A) **Victim(s) of Offense(s) of Conviction**: Mr. Schipman understands and agrees that 18 U.S.C. § 2259 applies and that the Court is required to order the defendant to make restitution to the victim(s) of the defendant's offense(s) of Production of Child Pornography, including Minor A. At this time, the representative for Minor A has indicated no restitution is being requested; however, the parties will update the Court at least 30 days in advance of sentencing in the event a restitution request is made after entry of this plea.

(B) **Agreed Upon Restitution; Child Pornography**: Pursuant to 18 U.S.C. § 3663A(a)(3), Mr. Schipman agrees to pay restitution to any individual whose child pornography image or video he possessed, distributed, received, trafficked, or produced, as determined in the course of the investigation or by

NCMEC. As of the date of this plea, Mr. Schipman agrees to pay $8,000 in restitution demanded by two known-series victims. To the extent any additional restitution is requested after the date of this plea, the parties agree that the amount of restitution owed under this subparagraph will be determined using 18 U.S.C. § 2259 to reflect the full amount of victim(s) losses. The defendant understands that the restitution amount for individuals covered under § 2259(b)(2) shall be no less than $3,000 per individual.

13. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate the defendant's ability to satisfy financial obligations imposed by the Court. If requested by the United States,

the defendant agrees to submit to one or more asset interviews or depositions under oath.

14. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2253:

   a. any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

   b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense[s]; and

   c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense[s] or any property traceable to such property.

The defendant agrees that the property subject to forfeiture includes but is not limited to: an iphone seized by the FBI in connection with this matter on or around September 27, 2023.

The defendant agrees that these items are subject to forfeiture because they were used to commit the violations set forth in Count One of the indictment. The United States reserves the right to seek forfeiture of substitute assets and to forfeit additional directly forfeitable property. The defendant waives any right to the return of any digital data contained on the electronic devices that are subject to forfeiture.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds.

15.  **Waivers of Appeal and Collateral Attack**.  The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the change-of-plea proceedings, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 180 months' imprisonment.

The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. This collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea

Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below 210 months' imprisonment.

16. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

17. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in

14

connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

ANDREW M. LUGER
United States Attorney

Date: 6/7/2024

BY: *Hillary A. Taylor*
Hillary A. Taylor
Assistant United States Attorney

Date: 6-7-2024

*Cord Schipman*
Cord Cameron Schipman
Defendant

Date: 6/7/2024

*M. A. Deates*
Manny Atwal and Matthew Deates
Counsel for Mr. Schipman

15